**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                        :
In re:                                  :       Chapter 11
                                        :
PETRORIG I PTE LTD, et al.,             :       Case No. 09-13083 (JMP)
                                        :
                                        :
                      Debtors.¹         :       (Jointly Administered)
---------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' MOTION FOR AN ORDER APPROVING THE DEBTORS' DISCLOSURE STATEMENT AND ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT THERETO

Upon the Debtors' Motion for an Order Approving the Debtors' Disclosure Statement (the "Disclosure Statement") and Establishing Solicitation and Voting Procedures (the "Solicitation Procedures") with Respect Thereto (the "Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. § 1408; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon the arguments and testimony presented at the hearing before the Court, and any objections to the Motion having been withdrawn, resolved, deferred to confirmation or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

---

¹ The "Debtors" are PetroRig I Pte Ltd (09-13083), PetroRig II Pte Ltd (09-13084) and PetroRig III Pte Ltd (09-13085). The Debtors' cases are jointly administered under the lead case of PetroRig I pursuant to an order dated May 20, 2009 (Dkt. No. 13).

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

1. The Disclosure Statement contains "adequate information" as defined by section 1125(a) of the Bankruptcy Code and complies with all aspects of section 1125 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3017-1 of the Local Bankruptcy Rules for the Southern District of New York.

2. The Disclosure Statement Hearing Notice[2] was provided to the Noticed Parties and such notice constitutes good and sufficient notice to all interested parties.

3. The form and manner of notice of the time set for filing objections to, and the time, date and place of, the hearing to consider the approval of the Disclosure Statement was adequate and comports with due process.

4. The Solicitation Procedures for Voting Classes to accept or reject the Third Amended Plan as set forth in <u>Annex 2</u>, attached hereto, and incorporated by reference, and the Voting and Tabulation Procedures, as set forth therein, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3018(a).

5. The materials to be provided in the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

6. The Solicitation Procedures provide for adequate transmission of the Solicitation Package to beneficial holders of Claims and Interests in the Voting Classes and satisfy the requirements of Bankruptcy Rule 3017(e).

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Motion or the Disclosure Statement, as applicable.

7. The forms of General Unsecured Ballot, LOG Group Ballot, Master Note Ballot and Master Equity Ballot, attached hereto as <u>Annexes 3 – 6</u>, are sufficiently consistent with Official Form No. 14, with appropriate modifications to address the particular needs of these Chapter 11 Cases, and are appropriate for soliciting votes from holders of Claims and Interests in the Voting Classes.

8. The period, set forth below, during which the Debtors may solicit acceptances of the Third Amended Plan, is a reasonable period of time for Holders of Claims and Interests in the Voting Classes to make an informed decision to accept or reject the Third Amended Plan.

**NOW THEREFORE, IT IS ORDERED THAT**:

1. The Motion is granted to the extent provided herein.

2. The Disclosure Statement Hearing Notice, and the Debtors' distribution thereof, comply with the requirements of Bankruptcy Rule 3017(a) and hereby are approved.

3. The Disclosure Statement, attached hereto as <u>Annex 1</u>, is hereby approved.

4. The Debtors have provided adequate notice of the time fixed for filing objections and for the hearing to consider approval of the Disclosure Statement (the "<u>Disclosure Statement Hearing</u>") in accordance with Rules 2002 and 3017(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 3017-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>").

5. The Third Amended Plan and Disclosure Statement provide creditors, interest holders and other parties in interest with sufficient notice regarding the injunction contained in the Third Amended Plan in compliance with Bankruptcy Rule 3016(c).

6. Any objections to approval of the Disclosure Statement that were not withdrawn, deferred to confirmation or resolved prior to or at the Disclosure Statement Hearing hereby are overruled.

7. The Solicitation Procedures are approved in their entirety.

8. The procedures for distribution of the Solicitation Packages set forth in the Motion and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtors are directed to distribute or cause to be distributed Solicitation Packages only to all persons and entities entitled to vote to accept or reject the Third Amended Plan.

9. The forms of General Unsecured Ballot, LOG Group Ballot, Master Note Ballot and Master Equity Ballot, attached hereto as Annexes 3 – 6, hereby are approved.

10. The forms of Ballot instructions, substantially as incorporated in the Ballots, hereby are approved.

11. With respect to Ballots that will be sent to holders of Claims in Classes PRIII-3 and PRIII-6 and interests in Class PRII-7, the Debtors are authorized to send Ballots to the FRN Trustee and the 10.85% Trustee (each a "Voting Class Trustee"), as applicable. The Debtors shall reimburse each Voting Class Trustee, upon request, for its reasonable and customary costs and expenses associated with (i) the distribution of Solicitation Packages, (ii) the Plan Meeting and (iii) the completion and transmittal of the Master Note Ballot or Master Equity Ballot, as the case may be.

12. Each Voting Class Trustee shall complete the appropriate Master Ballot and return such Master Ballot to the Solicitation Agent so that such Master Ballot actually is received by the Voting Deadline. An authorized designee of the LOG Group shall complete the LOG

Group Ballot and return such LOG Group Ballot to the Solicitation Agent so that such LOG Group Ballot actually is received by the Voting Deadline.

13. Pursuant to Bankruptcy Rule 3017(a), Ballots and copies of the Third Amended Plan and Disclosure Statement need not be provided to holders of Claims and Interests who are unimpaired or unclassified under the Third Amended Plan and therefore are deemed to accept the Third Amended Plan pursuant to section 1126(f) of the Bankruptcy Code.

14. The form of the Debtors' Letter to the Voting Classes, substantially in the form attached hereto as Annex 7, and the Debtors' proposed distribution thereof, are hereby approved.

15. The Notice of Non-Voting Status, substantially in the form attached hereto as Annex 9, and the Debtors' proposed distribution thereof, are hereby approved.

16. The Debtors shall be excused from mailing Solicitation Packages to those entities regarding whom the Debtors have received notice from the United States Postal Service that any mail sent during these Chapter 11 Cases was undeliverable and to which the Debtors have received no forwarding address and, after reasonable efforts, have been unable to locate. An entity that has changed its mailing address after the Petition Date bears the burden to advise the Solicitation Agent of its new address.

17. September 19, 2011, shall be the Voting Record Date for identifying (i) those holders of Claims and Interests that are entitled to receive the Solicitation Package, (ii) those holders of Claims and Interests, including the identity of beneficial holders, that are entitled to vote to accept or reject the Third Amended Plan, and (iii) which holders of Claims and Interests in non-voting classes are entitled to receive the appropriate notice of Non-Voting Status.

18. All votes to accept or reject the Third Amended Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed and delivered by (i) first

class mail, (ii) overnight courier or (iii) personal delivery so as to actually be received by the Solicitation Agent no later than the Voting Deadline at the appropriate return address set forth in the Ballot.

19. At the Debtors' discretion, the following Ballots shall not be counted in determining the acceptance or rejection of the Third Amended Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim or Interest; (ii) any Ballot that is submitted by a holder of a Claim or Interest not in a Voting Class or otherwise not entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules or otherwise; (iii) any Ballot that is submitted by a holder of a Claim listed in the Schedules as contingent, unliquidated or disputed or any combination thereof, for which no proof of claim was timely filed; (iv) any Ballot that is unsigned; (v) any Ballot that is not clearly marked to accept or reject the Third Amended Plan, or any Ballot marked both to accept and to reject the Third Amended Plan; and (vi) any Ballot that is not sent directly to the Solicitation Agent, c/o Tracy Southwell, 2029 Century Park East, Suite 2400, Los Angeles, California 90067. The Solicitation Agent is authorized (but not required) in her discretion to contact holders of a Claim or Interest that submit incomplete or otherwise deficient Ballots to afford such holders of a Claim or Interest an opportunity to cure such deficiencies.

20. Each creditor that votes to accept or reject the Third Amended Plan is deemed to have voted the full amount of its Claim or Interest therefor.

21. In the event a creditor or Voting Class Trustee, as applicable, casts more than one Ballot or Master Ballot with respect to the same Claim or Interest before the Voting Deadline, the last valid Ballot or Master Ballot timely received before the Voting Deadline is deemed to reflect such voter's intent and supersedes any prior Ballot or Master Ballot.

22. Any entity that holds a Claim or Interest in more than one class that is entitled to vote, other than holders of Class PRIII-3 FRN Bond Claims or Class PRIII-6 FRN Deficiency Claims, must use separate Ballots for each such Claim or Interest.

23. The form of Disputed Claims Notice, attached hereto as <u>Annex 8</u>, hereby is approved and shall be distributed to Holders of all Claims disputed as of September 19, 2011.

24. The Voting Deadline shall be October 21, 2011, at 5:00 p.m. (Eastern time).

25. The Debtors shall file the Tabulation Affidavit no later than October 26, 2011.

26. The Plan Objection Deadline shall be October 21, 2011 at 5:00 p.m. (Eastern time).

27. The Debtors shall file their consolidated reply to any objections to confirmation of the Third Amended Plan no later than seven days after the Plan Objection Deadline.

28. The Confirmation Hearing shall commence on November 2, 2011 at 10:00 a.m. (Eastern time), which hearing may be continued from time to time without further notice other than such adjournment announced in open court or a notice of adjournment filed with the Court and served on the Noticed Parties and the entities who have filed objections to the Third Amended Plan, without further notice to parties in interest.

29. The form of Confirmation Hearing Notice, attached hereto as <u>Annex 10</u>, complies with Bankruptcy Rules 2002(b) and (d) and 3017(d) and hereby is approved, and shall be distributed to all known parties in interest.

30. As soon as practicable after the Solicitation Commencement Date, but in any event not later than 28 days prior to the Plan Objection Deadline, the Debtors shall publish a modified version of the Confirmation Hearing Notice, attached hereto as <u>Annex 11</u>, on one occasion in the national edition of each of the *Wall Street Journal* (United States), *Financial*

*Times* (United Kingdom), *Finansavisen* (Norway), and *The Business Times* (Singapore). Such notice, which shall provide notice of the Confirmation Objection Deadline, the Voting Deadline and the first date on which the Confirmation Hearing is scheduled, is approved and deemed to provide adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 2002(*l*).

31. Any objections to the Third Amended Plan must be filed by the Plan Objection Deadline and must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; and (iv) state with particularity the basis and nature of any objection to the Third Amended Plan and, if practicable, a proposed modification to the Third Amended Plan that would resolve such objection.

32. Any objections to the Third Amended Plan must be filed, together with proof of service, with the Court and served, so as to be actually received, no later than the Plan Objection Deadline, by: (i) counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff, Esq., David H. Botter, Esq., and Kenneth A. Davis, Esq.; (ii) the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andrea B. Schwartz, Esq.; (iii) counsel to the trustee for the Debtors' secured lenders, Bingham McCutchen LLP, 399 Park Avenue, New York, New York 10022-4689, Attn: Steven Wilamowsky, Esq. and Erin K. Mautner, Esq.; and (iv) counsel to the Official Committee of Unsecured Creditors, Halperin Battaglia Raicht, LLP, 555 Madison Avenue – 9th Floor, New York, New York 10022, Attn: Chris Battaglia, Esq. and Jocelyn Keynes, Esq.

33. Objections to the Third Amended Plan that are not timely filed, served and actually received in the manner set forth above may not be considered by the Court.

34. The terms of this order (the "<u>Disclosure Statement Order</u>") shall be binding upon the Debtors, all holders of Claims and Interests and any trustees appointed under chapter 11 of the Bankruptcy Code relating to the Debtors and all other parties in interest.

35. All time periods set forth in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36. The requirements set forth in Local Bankruptcy Rules 3017-1, 3018-1 and 3020-1 are satisfied by the contents of the Motion.

37. The Debtors are authorized to take or refrain from taking all actions necessary to effectuate the relief granted pursuant to this Disclosure Statement Order in accordance with the Motion.

38. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Third Amended Plan and related documents without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors to make conforming changes among the Disclosure Statement, the Third Amended Plan and any other material in the Solicitation Package prior to delivery.

39. The terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

40. The Court shall retain jurisdiction, even after the closing of these Chapter 11 Cases, with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Disclosure Statement Order.

Dated: New York, New York
September 19, 2011

      *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE